Thank you, Your Honor, and may it please the Court, I am James Lawson, and I represent the appellant Micael Hernandez-Ortega, with a court-submission of LRQ that is a matter of two minutes of my time for rebuttal. This appeal raises two sentencing issues. The first issue concerns the prosecutor's breach of the plea agreement. The government promised not to suggest in any way that the district court should impose a sentence, anything other than a six-month sentence called for in the plea agreement. The prosecutor broke that promise in two ways. First, after both the district judge and the probation officer expressed their opinions that a six-month sentence would be unreasonable, the prosecutor said he agreed with those sentiments. Second, the prosecutor told the district court that he personally disagreed with his office's policy that required him to enter into the agreement in the first place. These statements individually and together satisfy the Court's test for when a plea agreement had to be made. Well, according to the record, as far as I read it, you've got a district court who made a finding, whatever it is, that it wasn't a breach, except that the record 2224 said the district court disagreed with the defense statement that this was a breach. What do we do with that? It's a finding that it's not a breach. Well, that's true. But as the government points out, that's really not much of an issue in this appeal, because the harmless error rule doesn't apply in these situations. And therefore, I don't think the Court has to or even should try to try to figure out whether the misconduct affected the Court's decision in what sentence. The Court said it wasn't a breach. Correct. And I think that, as I pointed out, that decision was made on the fly. The Court didn't have a sentence. Everything the district court does is on the fly. And that's true. And I think we have to give the district judge the benefit of the doubt on that. Is that something to which we give any deference at all, the district court sitting right there, listening to it, seeing it? The district court started out by saying, I'm the one that has a problem with this. And then the prosecutor says what the prosecutor says, the defense says this is a breach, and the district court says, no, it's not. No, Your Honor. I don't think that's entitled to any weight whatsoever. No weight whatsoever. Well, I think it trots asking, what is the standard of review? Right. Right. And as I say, I think the standard of review is de novo. Is that a finding of fact? It wasn't a breach? I think it's a mixed question of law and fact. And what you have here is the law part. The law part is this Court's general test, which is that any attempt by a prosecutor to influence a district judge to impose a harsher sentence than the one to which he agreed. Well, that's the law. But then the judge found this wasn't an attempt, wasn't a breach. Correct. But I think going back to the standard of review, Your Honor, the facts are also not in dispute. We know what the prosecutor said at sentencing is clearly typed out there in the sentencing transcript. So I think what you have here is you have a clear application of law to the facts, and this Court has always dealt with mixed questions like that as de novo review. Well, then do you have a causation problem? Because the district court said, well, okay, listen, you can either ‑‑ I'll let you withdraw it if you want to, and we'll put this over. And then you've got a second hearing. And at the second hearing, all the prosecutor says is we're sticking with our recommendation. I don't think so, because the breach occurred at the first sentencing. And once the breach happened and once the court made its decision to go with a 27-month sentence, that's where the harm is. Well, but it doesn't seem that there was any causation, because the district court said, I don't find there's a breach, and I'm going to give you a choice. And then he put it over. And then at the second hearing, the prosecutor did not do that again. Well, the prosecutor didn't do ‑‑ Is there a break in causation? No, I don't think so, because by that time, the judge had already made his decision. And even putting that aside, I think what the case is recognizing, and this is why this Court's, you know, binding case law requires in cases like these the case gets remanded to a different judge, is once the cat's out of the bag, once the misconduct has occurred and the statements made that are inconsistent with the plea agreement are said, it's hard to put that back in the box. And that's why sentencings go back to a different judge. And by the same token, a passage of a couple of weeks doesn't lessen the harm to Mr. Hernandez for having a plea agreement breach, because, one, the judge clearly remembered the statements from earlier, but, two, ultimately he was deprived of what every defendant wants when he enters into a plea agreement of this type, and that is the united front that he will get by presenting his case to the Court, knowing the government's going to recommend or at least not oppose a sentencing. Conceptually, that's probably true, but reading this record, it convinced me, tell me where I'm wrong, that this judge was operating on his own. He wasn't influenced by anybody. This was his idea as it started and it was his idea as it ended. And what anybody said seemed to be like the proverbial tree in Canada falling with nobody there to hear it. This was the judge's idea, not the prosecutor's idea. It certainly started off as a judge's tentative feeling. And everything he said says, this is me. Correct. But I also believe that the other published decisions this Court has dealt with have not been influenced by the defendant. And they go out of the way to not fault the district judge, because it's not the district judge's problem, but rather the problem that the defendant does not get the benefit of his bargain. And while the district judge may have come into the sentencing hearing with that attitude, perhaps if the government had stood by the plea agreement and there was this united front, he may have. He also may not have. It doesn't matter. Yeah. It doesn't matter for whether the judge was influenced or wasn't influenced. No, no, because this Court's own case law says that the harmless error rule doesn't apply. And I think it's a wise rule, because then you get into these kind of questions where you really can't – it's hard to look back in retrospect and figure out whether this particular statement would have really made a difference. This is sort of – this is somewhat of an unusual agreement here, the amended agreement. It says the parties agree not to seek, argue, or suggest in any way, either orally or in writing, that anything else should be considered or that the Court should impose a sentence other than what has been stipulated to. So this seems to be a broader kind of assurance by the government than is the norm. Can you explain how this amended part came into being? Well, actually, I think that's fairly common. In fact, if we go back and look – Did you have the plea agreement? I'm not really clear what was in front of Judge Carney. Was this amendment to the plea agreement in front of him when he made his ruling that there had been no breach? There's no evidence of that, that he had that agreement. Because this – I mean, given the suggestions, I mean, I don't know if he was applying actually the terms of this contract appropriately to what was done in the courtroom. So we don't know if he was looking at it. Right. And then we also don't know whether or not he had the benefit of knowing the – this amendment to influence the Court to have a higher sentence is a breach. Was this – was this agreement on file with the Court? Yes, it was. Is this what he was talking about when he talked about the sentencing? Yes, because at that stage – But he must have known what it was. That's why he came out and said what he did. He must have known and at some point reviewed it. The question is, I thought that Judge Warlaw was asking was, do we have any evidence that he knew about this specific language that the government can't – How can we presume that the district court judges that do these things don't? I'm not saying that he never looked at it. What I'm saying is that at the stage of the way the sentencing progressed, there's no reason to believe that seeing that language at that time registered in such a way that – Well, the district court – if you say this is standard, district court judges see this language all the time, if that's what you want us to infer. Well, I don't think that – well, let me say, I don't think that there is a basis to believe how the situation came out during trial or during the sentencing that he ever went to look at it. He never paused to say, I want to look at this. And I'm sure he did review it at some time, but there's nothing to suggest that he was referring back to the plain language of the district court. There's nothing to suggest that he wasn't when he said this is not a breach. That's true as well, but I think that gets us back into – I keep – how much time did you say you want to save? Two minutes, Your Honor. Do you have a question? No. Okay. Take – you've got one minute.   Thank you.  You may please report. Good morning. Todd Tristan for the United States, present with Doug McCormick, Acting Chief, United States Attorney's Office, San Antonio Provincial Court. Let's assume, which I think is a fair assumption, that the judge is a very independent fellow who makes up his own mind and tries to do the right thing. Does that matter in view of our law? Under the Court's law regarding the harmless error test, the Court does not look to the effect on the district court. However, in this particular case, whether there was a breach is a different question rather than whether the comment led to a breach in the first instance. And in this particular case, the government's position... You mean whether the comments constituted a breach?  Whether there, in fact, was a breach is a different question as to whether or not... Yes. All right. So that's the question in the case is whether the comments constituted a breach. Correct. And the government at the outset would like to acknowledge the duty and responsibility of the prosecutor to abide by the terms and conditions of the plea agreement, and at the same time recognize that the personal feelings of the prosecutor are unnecessary, irrelevant, and improper. So you wouldn't counsel people to say things like this under these circumstances? Well, in this particular context, I think it's important to look at the prosecutor's statements in the context of the colloquy between the court, the probation, and then the government. Right. Doesn't Mondragon apply here? Doesn't it exactly control the outcome of this case? I mean, the prosecutor, Mondragon, we said because the prosecutor's comments did not provide the district judge with any new information or correct any factual inaccuracies, the comments could have been made for only one purpose, to influence the district court to impose a harsher sentence than suggested. And here, were you the prosecutor at the trial? Were you the person? It doesn't seem... I can understand you may have been in a difficult position because you think you have to be responsive to the court's questioning and all. But under this case, what you said was yes, basically, you agreed with the judge and a harsher sentence probably is more appropriate, and you're going to go back and talk to your office and see what to do in these fast-track plea agreements in the future. Frankly, as a personal matter, I share your sentiments. I share Judge Carney's sentiments. But that doesn't mean that Mondragon doesn't control and that this wasn't a breach. Well, to answer your question, Your Honor, yes, I was the assigned prosecutor to handle this matter before the district court. However, I respectfully disagree that Mondragon, United States Versus Johnson, Tamria Teo, and the other cases cited by defense counsel control this matter. And Mondragon... Would you do this again? I'm sorry? Would you do this again? In hindsight, no, Your Honor. Okay. It's the new test. Would you do it again? You know, I really have difficulty seeing the argument. I mean, it starts out when the judge gives his feelings, and then he says, Mr. Tristan. You say, thank you, Your Honor. First of all, I agree this is a troubling case. I share the court's concern and thoughts and statements of the probation officer, as articulated by Mr. Abrams. You know, I mean, you've given your position. And I'd like to put that in context, if I may. First, I believe Mondragon is distinguishable because in that case, the government prosecutor specifically referenced the defendant's criminal history, the defendant's criminal history category. United States versus Johnson, for example, the government specifically referenced the victim impact statement as to pertaining to the sentence. In this case, it was different. The district court specifically expressed concern with the Estrada Espinosa decision, as well as specifically referenced the fast-track policy within the U.S. Attorney's Office that immediately preceded the government speaking. The probation officer then spoke after the district court and expressed frustration with the Estrada Espinosa case. And so the government was responding to the concerns regarding the Estrada Espinosa case, as well as the fast-track policy within the U.S. Attorney's Office. That was the frustration of the prosecutor when responding to the court. Can I suggest that you may have been misreading Estrada Espinosa, especially in light of Medina Villa, which I think would end up having him have the same 27-month sentence in the end. Correct. Should this court find a breach and remand this matter, the issue then would be, although no one knows with certainty what a new district court judge would do, what we do know with certainty is that the existing plea agreement, the specific performance requested by the defendant of six months, is now contrary to law. It's undisputed that the defendant would presumably be facing a same 27 to 33 months. But wouldn't you still be held to your bargain? Correct. And the government would still stand by that. Correct. But nevertheless, a new district court judge would be facing a six-month requested sentence, which would be contrary to the law under Medina Villa. Well, contrary in what respect? He couldn't depart from that? Certainly the district court judge could depart if he so decided. But under the advisory guidelines, when calculating the advisory sentencing guideline range, that range would be 27 to 33 months, which is precisely what the defendant was facing and had signed in the plea agreement prior to the amended. That may be true, but the guidelines now aren't binding. They're all discretionary. You can do what you want as long as you explain it rationally. That's correct. But nevertheless, the defendant, when faced with the ó given the opportunity to withdraw his plea agreement, did decline to do so. What's the point of what you're saying? This is futile or something like that to send it back? I mean, there is certainly authority in other circuits regarding futility and remanding. For example, the government did cite the cases of United States v. Goins, which is out of the Eighth Circuit. In that case, the government was bound to recommend a reduction for acceptance of responsibility. However, in that case, it was clear that the defendant had not accepted responsibility. And in that case, the circuit declined that to remand the matter. Let's go back to my original question, because this is what concerns me. The judge said, no, it's not. What kind of a finding is that? Is it entitled to any deference? What do we do with that? The government believes that the district court's statements and this record is entitled to deference. What's the standard of review? Right. The standard of review is clearly erroneous. Because this is simply a finding of fact? Correct. That's the government's position. Well, the facts were pretty clear, aren't they? The facts, you read the transcript. You know what the facts are. Whether it's a breach, you think that's a factual question? Well, the government believes that there are no absolutes on this particular issue, that there certainly is discretion in whether or not to remand this matter in light of the unique facts in this particular case. That's not the question. The question isn't whether we have discretion to remand it. The question is, is the judge's finding a finding of fact? The facts are, it seems to me, the facts are in the record. What happened? When he found it was a breach, is that not either a finding of law or a mixed finding of fact and law? It seems that the facts are the facts, and he's simply applying the legal standard to it and saying, no, it's not. Right. However, this Court, when faced with this particular issue, has not with certainty decided what the particular standard is, as cited in the government's brief. And to that end, the government's position is that it should not be to no review in light of what the Court has now stated. Is the government put to any material disability by a remand for resentencing? No, Your Honor. Other than, again, I mean, if this Court were to find a breach, then that would be the proper remedy. However, the government's position is while these facts went uncomfortably close to the line of a breach, did not cross that line based on the unique facts in this case. Well, I want to at least commend you for coming here and facing the music and not saying what a lot of people say. Well, I didn't. I wasn't the one on the trial court. You know, you've done the best you can with this case. It's whatever it is. I feel the same way. And thank you, too. I don't know if there's really a futility argument. I think the government's still bound to that six-month representation in this case. And the government agrees that should this matter be remanded, the government would be bound and... And you'll go and tell the next judge I'm really thrilled with his sentence? Let me ask you something that's an atmospheric. It doesn't really affect the disposition of the case. Do you have to self-report to OPR if we rule against you? I cannot answer that with certainty. I suspect that this would be discussed within our appellate division and with upper senior management in Los Angeles. And that was the decision ultimately that they would make and be decided. So we could put something nice in the opinion that might help? Isn't this your supervisor sitting right here? As stated, this is Doug McCormick, the acting chief of the Santa Ana branch office, Central District of California. Well, good luck. You really want two minutes? You really need to take two more minutes. You want to snatch defeat from the jaws of victory? Actually, I wasn't going to do that. I was going to ask if I could spend a little bit of time on the second issue. Why? It's done if we say there is a breach. I just want to point out, though, that, you know, in my second issue, I make the point that if you reverse because of amus cua vasquez, and the sentence is substantively unreasonable as it is now, the only way Mr. Hernandez can get a practical benefit is if you reverse with instructions to impose a time-served sentence. And so that's the point I want to make clear. Oh, you're telling that because he's already served how much time? He's served his predicted release date is July of next year. So he's served about 20 months out of a 20-month, 27-month sentence. So what are you asking us to do? I'm not going to be innocent and clear. My second issue was that the 27-month sentence was substantively unreasonable and that given the circumstances, the proper remedy in that case is to remand with instructions to impose a time-served sentence rather than leave it to the district court to figure out what the appropriate sentence is because we're so close to him getting out. That's the only way he could probably get practical relief. And in what case is it? Well, Amezcua-Vasquez is the case on which I rely. In that case, the court just remanded to the district judge for it to consider what a reasonable sentence might be in light of this court's concerns, and it didn't take it upon itself to say what the sentence should be. But here where we have a closely approaching pending release date, I'm suggesting an alternative remedy where this court says that under the circumstances, the amount of time he's served by now or certainly by the time it can be remanded is sufficient. That seems at odds with your initial request. You want a resentencing. And now you're telling us the resentencing has to be time-served, out the door. Well, there were two separate issues, and I noted in my brief that if the court grants relief, I'm asking on the second issue that a resentencing with instructions to impose a time-served sentence, then it doesn't have to go back to a different judge. But it doesn't clarify. You're not accounting for the clarification in the law. Right. Subsequent to Espinada-Estrada or Estrada-Espinada. So, anyway, we understand your argument. Right.  Thank you. Thank you very much. Thank you both very much. The case just argued will be submitted. The next case for oral argument is United States v. Magana-Colins.
judges: Reinhardt, Trott, Wardlaw